# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AKIDA BERRY,

        Plaintiff,

v.                                                                           Case No. 08-C-0421

WAUSHARA COUNTY JAIL,
LT. PETERMAN, R.N. DAVE REICH,
and DR. BUTLER,

        Defendants.

## DECISION AND ORDER

The plaintiff, Akida Berry, filed this *pro se* civil rights complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $13.21. Thus, his petition to proceed *in forma pauperis* will be granted. The $336.69 balance of the filing fee will be collected as set forth below.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his

statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson v. Washington*, 362 F.3d 969, 970 (7th Cir. 2004).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The plaintiff is currently incarcerated at Racine Correctional Institution. However, the complaint concerns events that occurred while he was incarcerated at the Waushara County Jail. The plaintiff names the Waushara County Jail and three staff members as defendants: Jail Administrator Lt. Peterman, Nurse Dave Reich, and Dr. Butler. The plaintiff maintains that the defendants deprived him of dental care for his chronic toothache, thereby violating his rights under the Eighth Amendment.

-3-

Case 2:08-cv-00421-JPS   Filed 07/17/08   Page 3 of 8   Document 5

According to the complaint,[1] on April 3, 2008, the plaintiff filled out a request form stating that he would like to see a dentist to get his tooth fixed as any temperature change in his mouth hurt. Defendant Nurse Dave Reich replied the same day, informing the plaintiff that he would need to have dental work done at his next Wisconsin Department of Corrections (DOC) facility. On April 11, 2008, the plaintiff filled out another form stating that he did not believe he could wait until he was transferred to his next DOC facility, as he was suffering constant pain from his tooth. Defendant Reich replied that the plaintiff was already receiving extra-strength Tylenol and had a doctor's appointment scheduled that week. On April 14, 2008, the plaintiff wrote that the tooth needed to be fixed by a dentist as it was causing continuing pain, headaches, and problems eating and sleeping. Defendant Reich replied that the issue had already been addressed. On April 18, 2008, the plaintiff reported that he was still in a great deal of pain and unable to drink water or brush his teeth at times due to the tooth problem. Defendant Reich replied that the plaintiff was on pain medication as discussed with the doctor. On April 20, 2008, the plaintiff stated that he really needed to see a dentist due to extreme pain and difficulty eating, and defendant Reich replied that there was no dentist on staff and the plaintiff would need to address the problem at his next DOC placement. On April 21, 2008, the plaintiff asked if he could go to an off-site dentist because the problem was

---

[1]The plaintiff attached numerous Waushara County Jail Inmate Communication Forms to the complaint, documenting his correspondence with various jail staffers. These attachments are considered part of the complaint. *See* Fed. R. Civ. P. 10(c).

getting worse. Defendant Reich replied that the plaintiff would have another doctor appointment that week regarding pain medication.

On May 1, 2008, the plaintiff addressed his concerns to the jail administrator, defendant Lieutenant Peterman. The plaintiff wrote that he had a cracked tooth causing substantial pain, and that when he was seen by Dr. Butler and Nurse Dave on April 24, 2008, they told him that he was not in pain and not going to see a dentist, and kicked him out of the office. Defendant Peterman replied that he had noted the plaintiff's complaint and spoken with medical staff. On May 8, 2008, the plaintiff asked again if there was any way he could be seen by a dentist as his toothache was causing nausea, problems chewing, and a very bad headache. Defendant Reich replied that the plaintiff would need to address his dental work at his next DOC placement. The plaintiff then filed this lawsuit on May 14, 2008, requesting compensatory damages, punitive damages, nominal damages, and injunctive relief.

The plaintiff alleges that the defendants were deliberately indifferent to his serious dental needs. Deliberate indifference to the serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, and thus is proscribed by the Eighth Amendment. *Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834

(1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). The Court of Appeals for the Seventh Circuit has acknowledged that a dental condition may constitute a serious medical need and, therefore, denial of dental care may violate the Eighth Amendment. *Board v. Farnham*, 394 F.3d 469 (7th Cir. 2005). Thus, the plaintiff has stated an Eighth Amendment medical needs claim against the nurse, doctor, and administrator whom he alleges denied him dental care for his severe toothache. However, the Waushara County Jail is not a "person" for purposes of federal civil rights statutes. *See Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). The jail is, therefore, not a suable entity under 42 U.S.C. § 1983 and it will be dismissed.

**IT IS THEREFORE ORDERED** that the plaintiff's petition to proceed *in forma pauperis* (Docket #2) be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that defendant Waushara County Jail be and hereby is **DISMISSED**;

**IT IS ALSO ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely

because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service;

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint;

**IT IS ALSO ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $336.69 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action;

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard

any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 17th day of July, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-8-
Case 2:08-cv-00421-JPS   Filed 07/17/08   Page 8 of 8   Document 5