# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

AKIDA BERRY,

          Plaintiff,

     v.                                              Case No. 08-CV-421

LT. PETERMAN, R.N. DAVE REICH,
and DR. BUTLER,

          Defendants.

_____

## ORDER

The pro se plaintiff, a state prisoner at all relevant times, brought a civil action in this court under 42 U.S.C. § 1983, alleging that his civil rights were violated. On July 17, 2008, the plaintiff was granted leave to proceed in forma pauperis. On September 23, 2009, this court issued an order granting defendants' motions for summary judgment. On that same day, judgment was entered dismissing the action. The plaintiff appealed, and currently before the court is the plaintiff's request for leave to proceed in forma pauperis on appeal.

There are three grounds for denying in forma pauperis status to a prisoner appellant: the prisoner has not established indigence; the appeal is in bad faith; or the prisoner has incurred three strikes. See 28 U.S.C. §§ 1915(a)(2)-(3), (g). A party who has been granted leave to proceed in forma pauperis in the district court may proceed in forma pauperis on appeal without further authorization unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed in forma pauperis. Fed. R. App. P. 24(a).

A district court should not apply an inappropriately high standard when making a good faith determination. *Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting *Anders v. California*, 386 U.S. 738 (1967)); see also *Coppedge v. United States*, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

In considering the plaintiff's request to proceed in forma pauperis before the district court, it was determined that the plaintiff met the indigence requirement of 28 U.S.C. § 1915(a)(1) and that his claims were neither malicious nor frivolous. As a result, this court does not find any indication that the plaintiff's appeal is not taken in good faith. Thus, the court will grant the plaintiff's request to proceed in forma pauperis on appeal.

Under the Prison Litigation Reform Act (PLRA), a prisoner must pay the applicable filing fees in full for a civil action. 28 U.S.C. § 1915(b). If a prisoner does not have the money to pay the $455.00 filing fee in advance for an appeal, he can request leave to proceed in forma pauperis. To proceed with an action or appeal in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court along with a certified copy of the prisoner's

-2-

trust account statement showing transactions for the prior six months. 28 U.S.C. § 1915(a)(2). The court must assess an initial filing fee of twenty percent of the average monthly deposits to the plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. § 1915(b)(1).

After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The agency which has custody of the prisoner will collect the money and send payments to the court. No payment is required in months when the prisoner's preceding month's income is $10.00 or less. Id.

Along with his request to proceed in forma pauperis, the plaintiff filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. A review of this information reveals that the plaintiff is required to pay an initial partial filing fee of $39.07. Subsequent payments will be calculated and collected pursuant to 28 U.S.C. § 1915(b)(2).

The plaintiff shall pay the initial partial filing fee of $39.07 to the clerk of this court within 30 days of the date of this order. *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997), rev'd on other grounds by, *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). Failure to pay the initial

partial filing fee within the time specified may result in dismissal of this appeal. *Newlin*, 123 F.3d at 434.

The PLRA also provides that if a prisoner files more than three actions or appeals which are dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions in forma pauperis unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event that this appeal is later dismissed for any of the above reasons, it will have an impact on the plaintiff's ability to bring other actions in forma pauperis.

Accordingly

**IT IS ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis on appeal (Docket #89) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that by **December 5, 2009**, the plaintiff shall forward to the Clerk of Court the sum of $39.07 as the initial partial filing fee in this appeal. The plaintiff's failure to comply with this order may result in dismissal of this appeal. The payment shall be clearly identified by the case name and number assigned to this action; and

**IT IS FURTHER ORDERED** that after the initial filing fee has been paid, the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20%

-4-

of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action; and

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the plaintiff is confined, and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin 53707-7857, and to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated at Milwaukee, Wisconsin, this 5th day of November, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Case 2:08-cv-00421-JPS   Filed 11/05/09   Page 5 of 5   Document 95